UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEREMY SHANE FOGLEMAN                                                                PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:19CV559-LG-RHW

BAYSIDE CHRYSLER DODGE JEEP                                                       DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Jeremy Shane Fogleman, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 complaint alleging Defendant Bayside Chrysler Dodge Jeep, Inc. (Bayside) sold him a vehicle with faulty brakes, which caused an automobile accident and resulted in property damage and personal injuries to Plaintiff.  He alleges that on July 7, 2015, shortly after he purchased a 2012 Chevrolet Camaro Super Sport from Bayside, he was involved in an automobile accident when the Camaro failed to stop at a red light and collided with another vehicle.  Based on odometer readings and service records, Plaintiff alleges that Defendant Bayside installed new brakes on the Camaro just prior to Plaintiff's purchase of the vehicle.  He also alleges the brakes were installed improperly.  As a result of the accident, Plaintiff suffered a severe head laceration, broken left tibia, and other injuries.  Plaintiff was arrested shortly after the accident and detained at the Harrison County Adult Detention Center based on charges arising out of the incident.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant filed a motion to dismiss arguing (1) it is not a "state actor" for purposes of section 1983; and (2) Plaintiff's claims are barred by the three-year statute of limitations.  Doc. [9].  In his response in opposition to the motion to dismiss, Plaintiff clarifies he is not asserting any constitutional claims against Defendant.  Doc. [15] at 6. Rather, he asserts only a negligence claim based on Defendant allegedly selling him a vehicle

with faulty brakes. By order dated April 20, 2020, the Court directed the parties to submit briefs on the issue of subject-matter jurisdiction. Doc. [17]. The undersigned now addresses both the issues of subject-matter jurisdiction and Defendant's statute of limitations defense.

## Law and Analysis

### Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Unlike state courts, federal courts have no inherent or general subject-matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate; those cases involving diversity of citizenship, federal questions, or where the United States is a party to an action. *Kokkonen v. Guardian Life Insur. Co.*, 511 U.S. 375, 377 (1994). Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*

In the instant case, Plaintiff does not allege a federal question. Nor is the United States a party to the lawsuit. Accordingly, if this Court possesses subject-matter jurisdiction at all, it would be based on diversity of citizenship. Federal district courts have subject-matter jurisdiction over civil actions where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Courts apply the phrase "citizens of different states" to require complete diversity between the parties. *E.g., Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). The citizenship of a corporation, such as Bayside, is determined by its principal place of business and place of incorporation. *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

Diversity of citizenship "must be present at the time the complaint is filed." *Mississippi Farm Bureau Casualty Ins. Co. v. Bell*, 275 F. Supp. 3d 790, 792 (S.D. Miss. 2017) (citation omitted). "[S]tate citizenship for diversity purposes is regarded as synonymous with domicile." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citation omitted). "Domicile requires residence in the state and an intent to remain in the state." *Bell*, 275 F. Supp. 3d at 792 (citation omitted). "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* at 793 (citation omitted).

Defendant is incorporated in Delaware; however, its principal place of business and principal office is in D'Iberville, Mississippi. In his complaint, Plaintiff listed as his address 11377 Torrey Pines Dr., Auburn, CA 95602. At the time he filed his complaint, Plaintiff was detained at the Harrison County Adult Detention Center, where he had resided since 2015. In fact, Plaintiff previously had been arrested and detained at the HCADC as early as August 2014. Subsequent to the filing of his complaint, Plaintiff was convicted of fleeing law enforcement and possession of a controlled substance. He lists the Central Mississippi Correctional Facility as his address of record. According to the Mississippi Department of Corrections website, Plaintiff is in MDOC custody with a tentative release date of October 19, 2069. Plaintiff has provided the Court with a previous order, entered in an unrelated case in the U.S. District Court for the Southern District of Mississippi, wherein the district judge found that, for purposes of diversity jurisdiction, Plaintiff's place of residence is California. Doc. [24-1] at 33-43 (*Fogleman v. O'Daniels*, Civil Action No. 1:16cv210-HSO-JCG); *see Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (holding that a prisoner is a citizen of the state of which he was a citizen before he was sent to prison). Consistent with this previous finding, the undersigned finds the parties are diverse for purposes of subject-matter jurisdiction.

3

With respect to the amount in controversy, Plaintiff did not make a specific claim for damages in his complaint. Instead, he merely requested "any and all relief entitled to by law and deemed appropriate by this fair and honorable court." Doc. [1] at 4. In his brief on the issue of subject-matter jurisdiction, Plaintiff addresses in some detail the amount in controversy and alleges loss of the Camaro valued at $21,705.00 and known medical bills totaling at least $40,881.00, representing a total of $62,586.00. In addition, Plaintiff alleges an ambulance bill for an unknown amount and bi-monthly visits to Dr. Hand from July 2015 to November 2015. Although he does not know the exact total of these bills, Plaintiff contends this would bring the total above $75,000.00. Plaintiff's calculations do not take into account any compensation for pain and suffering. In its brief on subject-matter jurisdiction, Defendant does not question whether Plaintiff meets the amount-in-controversy requirement. A court is allowed to make "common-sense inferences" about the amount in controversy based upon the injuries a plaintiff alleges in a complaint. *Robertson v. Exxon Mobile Corp.*, 814 F.3d 236, 240-41 (5th Cir. 2015). Given the nature of Plaintiff's injuries and the resulting medical bills, the Court finds Plaintiff has satisfied the amount-in-controversy for subject-matter jurisdiction.

**Statute of Limitations**

Defendant argues the cause of action is barred by Mississippi's three-year statute of limitations. In the complaint, Plaintiff alleges the accident giving rise to his cause of action occurred on July 7, 2015. Plaintiff did not file the instant complaint until September 5, 2019— more than four years after the incident. As a result of the automobile accident, Plaintiff sustained several injuries, including a broken leg. He alleges that Defendant's employees did not properly install brakes on his Camaro, and the faulty brakes caused the accident and injuries. Plaintiff contends he did not discover the faulty brakes until October 20, 2016 at the earliest, and June 14,

2018, at the latest; therefore, the statute of limitations was tolled until he discovered the cause of the accident.

Plaintiff's cause of action is subject to Mississippi's general three-year statute of limitations. *Giles v. Stokes*, 988 So.2d 926, 928 (Miss.Ct.App. 2008); Miss. Code Ann. § 15-1-49. The burden is on the plaintiff to prove that the statute of limitations should be tolled. *Archer v. Nissan Motor Acceptance Corp.*, 633 F. Supp. 2d 259, 265 (S.D. Miss. 2007).

In his response to the motion to dismiss, Plaintiff appears to invoke Mississippi's "discovery rule", because he argues he did not discover the cause of the accident until less than three years before he filed suit. His reliance on the "discovery rule" is misplaced. Under Mississippi law, the cause of action for a latent condition accrues and the limitation period begins to run when the plaintiff is diagnosed with the condition. *Owens–Illinois, Inc. v. Edwards*, 573 So.2d 704, 709 (Miss.1990); *Schiro v. Am. Tobacco Co.*, 611 So.2d 962, 965 (Miss.1992). The Fifth Circuit has held that under Mississippi law there is no requirement that the plaintiff know the cause of an injury or condition for the statute of limitations to run. *Wilbanks v. A.H. Robins Co., Inc.*, 196 F.3d 1257, 1999 WL 800019 at *1 (1999) ("The Mississippi Supreme Court thus interpreted the relevant statute in a way that rejects a requirement that the plaintiff know the cause of her injury or the connection between the injury and the injurious product in order for limitations to run. She need only know of the injury itself, as [plaintiff] did here."). In *Barnes v. Koppers, Inc.*, 534 F.3d 357, 2008 WL 2568825 at *2 (5th Cir. June 30, 2008), the Fifth Circuit reaffirmed its interpretation of the discovery rule for latent injuries under § 15–1–49(2). In *Angle v. Koppers, Inc.*, the Mississippi Supreme Court interpreted Miss. Code Ann. § 15-1-49(1)-(2) and held that under the plain language of the

5

statute "the cause of action accrued upon discovery of the injury, *not discovery of the injury and its cause*." 45 So.3d 1, 5 (Miss. 2010) (emphasis in the original).

In this case, Plaintiff's injuries were not latent; therefore, he cannot benefit from Mississippi's "discovery rule" to toll the applicable statute of limitations. *See PPG Architectural Finishes, Inc. v. Lowery*, 909 So.2d 47, 50 (Miss. 2005). He knew of his head laceration and broken leg on the day of the accident—July 7, 2015. Yet he did not file his complaint until September 2019. Although he attempts to show that he did not know the cause of his injury until a year or more after the accident, the Fifth Circuit and Mississippi Supreme Court generally have rejected the argument that knowledge of the cause of injury begins the running of the statute of limitations. However, Plaintiff also alleges what the Court construes as a claim of fraudulent concealment.

Under Mississippi law, fraudulent concealment tolls the statute of limitations. *Milam v. Kelly*, 282 So.3d 682, 693 (Miss.Ct.App. 2019). To establish fraudulent concealment, "there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim." *Reich v. Jesco, Inc.*, 526 So.2d 550, 552 (Miss.1988). Mississippi Code Annotated section 15-1-67 provides:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Plaintiff asserts he only discovered the faulty brake issue through the "discovery process". In his brief on subject-matter jurisdiction, Plaintiff argues "Bayside concealed documents from the Plaintiff not only at the direction of State agents, but to ultimately protect their own interests." Doc. [24] at 2. Liberally construed, Plaintiff's complaint makes out a claim for fraudulent concealment. In the complaint, he alleges "Bayside refused to provide Plaintiff with a copy of

6

the purchase file and service records … Eventually the Plaintiff obtained the purchase file via subpoena." However, Bayside did not include a copy of the service records with its document production. According to Plaintiff, he later obtained the service records from a "friendly service worker at Bayside". These records revealed that the brakes in the Camaro were replaced just prior to the accident. There is nothing in the record demonstrating whether Plaintiff knew about the brake replacement prior to receiving the service records. According to Plaintiff, faulty brakes improperly installed by Bayside employees caused the accident and injuries. Construing the allegations and inferences in Plaintiff's favor, he alleges that Bayside intentionally withheld service records demonstrating that Bayside installed new brakes just prior to Plaintiff's accident.

In its motion to dismiss, Defendant does not address the allegation of fraudulent concealment leveled against it. The undersigned finds Plaintiff has alleged sufficient facts to survive Rule 12(b)(6) analysis on the claim of fraudulent concealment as it applies to Defendant's statute-of-limitations defense. The undersigned makes no finding on the ultimate merits of Plaintiff's fraudulent concealment claim in relation to the statute of limitations. At this time, the undersigned recommends permitting the lawsuit to proceed, leaving open the question whether Defendant in fact intentionally concealed the cause of Plaintiff's injury such that the fraudulent concealment tolled the applicable statute of limitations.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant's [9] Motion to Dismiss be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this 1st day of July 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE